UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN NADZAN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00567-JPH-DLP |
| | ) |
| ERIC W. WILL, | ) |
| J.B. HUNT TRANSPORT SERVICES, INC., | ) |
| INSITUFORM TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JURISDICTION**

Defendants Eric Will, J.B. Hunt Transport, Inc., and Insituform Technologies, LLC filed a notice of removal alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. Plaintiff John Nadzan then filed an amended complaint. Dkt. 14. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534. For individuals, citizenship is not based on where

1

the individual resides, but on where the individual is a citizen. *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009).

Here, both the notice of removal and amended complaint identify Defendant Insituform Technologies as an LLC. Dkt. 1 at 3; dkt. 14 at 1. But they fail to identify the LLC's members or the citizenship of those members. *See* dkt. 1; dkt. 14. The amended complaint also alleges residency—rather than citizenship—of John Nadzan and Eric Will, and does not allege an amount in controversy greater than $75,000 exclusive of interest and costs. *See* dkt. 14. Counsel have an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS** all parties to file a joint jurisdictional statement by **March 2, 2020**, addressing the issues identified in this order. The clerk **shall update** Defendant J.B. Transport Services, Inc. to J.B. Hunt Transport, Inc. on the docket.

**SO ORDERED.**

Date: 1/29/2020

          *James Patrick Hanlon*
          James Patrick Hanlon
          United States District Judge
          Southern District of Indiana

Distribution:

Lee C. Christie
CLINE FARRELL CHRISTIE LEE & BELL, PC
lee@cfclb-law.com

Kyle Christie
CLINE FARRELL CHRISTIE LEE & BELL, PC
kyle@CFCLB-law.com

Keith A. Gaston
CRUSER MITCHELL NOVITZ SANCHEZ & ZIMET, LLP
kgaston@cmlawfirm.com

Bruce D. Jones
CRUSER MITCHELL NOVITZ SANCHEZ & ZIMET, LLP
bjones@cmlawfirm.com

Bradley M. Owen
CRUSER MITCHELL NOVITZ SANCHEZ & ZIMET, LLP
bowen@cmlawfirm.com

Rachel O. Webster
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP
rwebster@cmlawfirm.com